IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA VALDEZ, GRACIELA GRAJEDA,
ROANNA BEGAY, JESSE RODRIGUEZ,
and ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,

      Plaintiffs,

vs.                                                   No.  09cv0668 JH/DJS

MARY HERRERA, in her official capacity as
New Mexico Secretary of State, PAMELA S. HYDE,
in her official capacity as Secretary of New Mexico
Human Services Department, FRED SANDOVAL,
in his official capacity as the Director of the Income
Support Division of the New Mexico Human Services
Department, CAROLYN INGRAM, in her capacity as
the Director of the Medical Assistance Division of the
Medical Assistance Division of the New Mexico Human
Services Department, RICK HOMANS, in his capacity
as the Secretary of the New Mexico Taxation and
Revenue Department, and MICHAEL SANDOVAL, in his
capacity as the Director of the Motor Vehicle Division of
the New Mexico Taxation and Revenue Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant HSD's Motion for Protective Order to Limit Depositions and Request for Expedited Hearing **[Doc. No. 43]** filed on March 17, 2010, and fully briefed on March 30, 2010 (Notice of Completion).[1]  Defendant New Mexico Human Services Department (HSD) moves the Court for a protective order pursuant to Rule 26(c) of the

---

[1] HSD requests an expedited hearing.  However, the Court finds that a hearing on this matter is not necessary.

Federal Rules of Civil Procedure.  Specifically, HSD wants the Court to limit the number and scope of depositions for certain HSD deponents, or in the alternative, an order directing Plaintiffs to seek the same information pursuant to Rule 31, Depositions by Written Questions. HSD also has offered to stipulate to certain facts in order to limit the scope of HSD depositions.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  FED.R.CIV.P. 26(b)(1).  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2000 WL 474012, at *2 (D.Utah Feb. 6, 2007); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir.2000).  Moreover, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C)(i), (ii), and (iii).  Finally, under 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order . . . for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED.R.CIV.P. 26(c)(1).

As grounds for its motion for a protective order, HSD contends the depositions are for six HSD employees who are upper level managers and oversee day-to-day operations of local Income Support Division (ISD) offices but do not have comprehensive knowledge of HSD's practices as it relates to the subject matter of this lawsuit.  However, HSD concedes the deponents may have some information that may be relevant to Plaintiffs' claims in this action. HSD also claims Plaintiffs have already conducted a Rule 30 (b)(6) deposition of Ted Roth, the

2

individual at HSD with the most comprehensive knowledge of HSD's practices as it relates to the subject matter of this action, and argues the additional six depositions "are not likely to yield more qualitative information than that already obtained from the 30(b)((6) deposition."  Def.'s Mot. Protective Or. at 4.  Thus, HSD contends the additional six depositions likely would be cumulative, duplicative, burdensome, and expensive.  *Id.*

Plaintiffs contend the six HSD officials' depositions "go to the heart of Plaintiffs' case in chief and Defendants' anticipated defenses."  Pls.' Opp'n Defs.' Mot. Protective Or.  at 1.  Plaintiffs' claims against Defendants arise under Section 7 of the National Voter Registration Act (NVRA) which requires New Mexico to offer voter registration simultaneously with renewal or application for a New Mexico motor vehicle driver's license or identification card.  Compl. ¶1.  Specifically, Plaintiffs claim HSD for many years failed to provide voter registration to its clients as required by Section 7 of the NVRA.

Plaintiffs contend the depositions of the  Regional Operations Managers and County Directors will neither be cumulative nor duplicative and will establish the specific actions taken by officials delegated the responsibility for voter registration.  *Id.* at 3.  Plaintiffs argue that the "testimony of these officials about their own actions within the specific offices and regions *by definition* could not be cumulative or duplicative between regions or offices."  *Id.* at 4.  Moreover, Plaintiffs contend Mr. Roth, the only HSD official deposed to date, testified repeatedly as to his lack of knowledge regarding actions taken by regional or county HSD managers.  *Id.*; Ex. B (Roth Dep.).  Plaintiffs claim Mr. Roth lacked knowledge as to the actual practices in HSD offices on multiple topics.  *See Id.* at 4-6 (providing examples of Mr. Roth's testimony showing lack of knowledge as to actual practices in HSD offices on multiple topics).

3

Because the challenged depositions are for the purpose of discovering the specific actions of a limited number of County Offices and Regional Directors, Plaintiffs contend they are entitled to discover whether, and to what extent, the policies Mr. Roth described are actually being put into practice. Plaintiffs contend the noticed deponents are in a unique position to testify as to whether they have identified problems in the offices under their control and what, if anything, they have done to resolve such problems. Additionally, Plaintiff contend that HSD, in response to one of Plaintiffs' interrogatories, acknowledged the existence of "Management Evaluation Reviews," including the subject of NVRA compliance. Pls.' Mot. Protective Or. At 7. However, HSD has not provided these reviews to Plaintiffs. Thus, Plaintiffs argue that the regional and county managers are likely to have knowledge about the conduct of these evaluation reviews, the extent to which they may have changed over time, and the results of specific evaluations. *Id.*

Finally, Plaintiffs argue they are seeking to depose only three of the thirty-five County Directors and three of the five Regional Operations Managers. Plaintiffs also contend they have scheduled the depositions for half-day, allowing two depositions to be taken in one day. Plaintiffs also note that the depositions will be conducted at the noticed deponents' own offices.

"[C]ourts should seldom grant orders preventing depositions." *Resource Associates Grant Writing and Evaluation Services, LLC v. Maberry,* No. CIV 08-0552 JB/LAM, 2009 WL 1312951 (D.N.M. February 5, 2009). HSD has not shown that the noticed depositions will be "cumulative, duplicative, burdensome or expensive. Moreover, HSD admits the noticed deponents may have relevant information. Because HSD has not shown good cause, the Court will deny HSD's motion for a protective order.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant HSD's Motion for Protective Order to Limit Depositions and Request for Expedited Hearing [Doc. No. 43] is **DENIED.**

 

**DON J. SVET**
**United States Magistrate Judge**