IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA VALDEZ, GRACIELA GRAJEDA,
ROANNA BEGAY, JESSE RODRIGUEZ,
and ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,

        Plaintiffs,

vs.                                                                          No.  09cv0668 JH/DJS

MARY HERRERA, in her official capacity as
New Mexico Secretary of State, PAMELA S. HYDE,
in her official capacity as Secretary of New Mexico
Human Services Department, FRED SANDOVAL,
in his official capacity as the Director of the Income
Support Division of the New Mexico Human Services
Department, CAROLYN INGRAM, in her capacity as
the Director of the Medical Assistance Division of the
Medical Assistance Division of the New Mexico Human
Services Department, RICK HOMANS, in his capacity
as the Secretary of the New Mexico Taxation and
Revenue Department, and MICHAEL SANDOVAL, in his
capacity as the Director of the Motor Vehicle Division of
the New Mexico Taxation and Revenue Department,

        Defendants.

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION[1]

     **THIS MATTER** is before the Court pursuant to an Amended Order of Reference [Doc.

No. 49] for resolution of  Plaintiffs' Motion for Leave to File First Amended Complaint **[Doc.**

**No. 26]** filed on October 2, 2009, and fully briefed on November 2, 2009.  Having reviewed the

---

[1] Within fourteen days after being served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

motion, the parties' pleadings, and the applicable law, the Court recommends that the motion be granted in part and denied in part.

Plaintiffs bring this action pursuant to the National Voter Registration Act of 1993 ("NVRA") 42 U.S.C. § 1973gg *et seq*., seeking declaratory and injunctive relief.   Plaintiffs' Complaint alleges that the state officials responsible for implementing the NVRA are failing to comply with the voter registration requirements of the Act.  Consequently, Plaintiffs contend that thousands of New Mexico residents who are eligible to vote in the State are unlawfully being denied the opportunity to register to vote.  Pls.' Mot. Amend at 2.

The purposes of the NVRA are "(1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office; (2) to make it possible for Federal, State, and local governments to implement this subchapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office; (3) to protect the integrity of the electoral process; and (4) to ensure that accurate and current voter registration rolls are maintained."  42 U.S.C. § 1973gg(b)(1)-(4).  Specifically, Plaintiffs allege violations of Sections 5 and 7 of the NVRA, 42 U.S.C. §§ 1973gg-3, 1973gg-5.

Section 5 requires New Mexico to offer voter registration simultaneously with an application for renewal of a New Mexico motor vehicle driver's license or identification card.  It also requires that every driver's license or identification card change-of-address form serve as notification of a change of address for voter registration purposes, unless the individual indicates otherwise on the change of address form.  *See* 42 U.S.C. §1973gg-3.  Section 7 requires New Mexico to provide voter registration at all public assistance agencies in the State.  *See* 42 U.S.C. §1973gg-5.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs request leave of the Court to file their First Amended Complaint to add class action allegations.  Plaintiffs argue that litigating this matter as a class action would clarify the scope and import of any ruling and/or relief granted by the Court.  Second, Plaintiffs seek to amend the Complaint to clarify their Section 5 allegations to include "the allegation that New Mexico officials are failing to permit the change of address form submitted for purposed of a driver's license or identification card to serve as notification of change of address for voter registration purposes."  Pls.' Mem. Support of Mot. at 3.  Finally, Plaintiffs seek to substitute Shawna Allers for Plaintiff Roanna Begay.

Federal Rule of Civil Procedure 15(a) provides an automatic right to amend pleadings once as a matter of course at any time before a responsive pleading is served.  FED.R.CIV.P. 15(a).  Otherwise, Rule 15(a) provides that a party may amend the party's pleadings only by leave of court after a responsive pleading is served and leave shall be freely given when justice so requires.  *Id.*  The decision to grant leave to amend a complaint lies within the sound discretion of the trial court.  *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.  *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

In their response, Defendants do not oppose the Court granting Plaintiffs leave to amend their Complaint to clarify their Section 5 claims and to substitute Shawna Allers for Roanna Begay as a Plaintiff.  Defendants opposition is to the Court granting Plaintiffs leave to amend the Complaint to add class action allegations.

3

Defendants contend that allowing Plaintiffs to amend their Complaint to add class allegations would be futile. Plaintiffs counter that the class action allegations will determine whose rights Defendants have violated and will be important in shaping the relief required to remedy Defendants' violations and prevent future violations. The Court disagrees. Plaintiffs allege that the state officials responsible for implementing the NVRA are failing to comply with the voter registration requirements of the Act. Specifically, Plaintiffs claim Defendants are not following the dictates of Sections 5 and 7 of the NRVA. In the event that the Court finds in favor of Plaintiffs and grants the requested relief, the same relief would be afforded to all potential class members. Thus, proceeding as a class action would serve no useful purpose. *See e.g. Kansas Health Care Association v. Kansas Department of Social and Rehabilitation Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994)(action by nursing homes challenging Kansas Medicaid reimbursement rates; relief would affect the interests of all the potential class members regardless of whether a class was formally certified); *Everhart v. Bowen*, 853 F.2d 1532, 1538-39 n. 6 (10th Cir.1988), rev'd on other grounds, 494 U.S. 83, 110 S.Ct. 960, 108 L.Ed.2d 72 (1990)(recognizing the line of authority indicating that a class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973)(action for injunctive relief by Medicare recipients against Secretary of Health seeking to prevent termination of benefits without a prior hearing; class action not necessary because the same relief would be afforded all potential class members).

### Recommendation

It is recommended that (1) Plaintiffs' Motion for Leave to File First Amended Complaint to clarify their Section 5 allegations and to substitute Shawna Allers for Plaintiff Roanna Begay

4

be granted; and (2) that Plaintiffs' Motion for Leave to File First Amended Complaint to add

class action allegations be denied.


_____
**DON J. SVET**
**United States Magistrate Judge**