## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CELIA VALDEZ, *et al.*,

                Plaintiffs,

     v.

MARY HERRERA, *et al.*,

                                  No. CV-09-668 JCH/DJS

                Defendants.

### EXPEDITED MOTION TO STRIKE
### PLAINTIFFS RESPONSE IN OPPOSITION TO
### HSD'S MOTION FOR SUMMARY JUDGMENT

COMES NOW GARY K. KING, Attorney General of New Mexico, by Elaine P. Lujan, Assistant Attorney General, on behalf of Defendants Pamela S. Hyde, Fred Sandoval, and Carolyn Ingram of the New Mexico Human Services Department (collectively "HSD") in the above-entitled action and moves the Court for an expedited order striking Plaintiff's Opposition to Defendant HSD's Motion for Summary Judgment and Supporting Memorandum of Law [Doc. 88] for grossly violating the page limit for a responsive brief pursuant to this Court's Local Rules. As grounds for this motion, HSD states the following:

1.      On May 13, 2010 Defendant HSD filed its Motion for Summary Judgment [Doc. 57] and a supporting Memorandum [Doc. 58]. Pursuant to D.N.M.LR-Civ. 7.5, the combined length of the Motion and Memorandum did not exceed twenty-seven (27) pages. In accord with D.N.M.LR-Civ. 10.5, HSD obtained the consent of all parties before filing exhibits in support of

its Memorandum that were in excess of the normal fifty (50) page limit for exhibits.  *See* Ex. 1, email from E. Lujan dated May 12, 2010.

2.      Plaintiff's response to HSD's summary judgment motion was due on July 9, 2010. [Doc. 76 at 2]

3.      On July 7, 2010 counsel for Plaintiff sent an email to undersigned counsel stating, "It looks like we will need to exceed the 50 page limit for *exhibits* to our response."  Ex. 2, email from N. Kovite dated July 7, 2010 (emphasis added).  Reciprocating the courtesy previously extended by Plaintiff's counsel, the undersigned consented to the filing of exhibits in excess of 50 pages.

4.      On July 9, 2010, Plaintiff filed here Response entitled "Plaintiff's Opposition to Defendant HSD's Motion for Summary Judgment and Supporting Memorandum of Law" ("Response"), the body of which consisted of twenty-four double-spaced pages, excluding the signature page. [Doc. 88]  However, in addition to her Response Plaintiff filed, as an exhibit, Plaintiff's Controverting and Separate Statements of Fact in Support of Plaintiff's Response to Defendant HSD's Motion for Summary Judgment ("PSOF"), which totaled an additional twenty-four double spaced pages.  [Doc. 88-1]

5.      The PSOF contains Plaintiff's Controverting Statement of Facts and Plaintiff's Separate Statement of Facts. [Doc. 88-1]

6.      Pursuant to D.N.M.LR-Civ 7.5: "A response brief must not exceed twenty-four (24) doubled-spaced pages."

7.      Pursuant to D.N.M.LR-Civ. 56.1(b) – "A memorandum in opposition to the [summary judgment] motion must contain *a concise statement of the material facts* as to which

the party contends a genuine issue does exist." (emphasis added).  Thus, the Court's Local Rules

clearly provide that factual assertions must be contained within the memorandum itself, not

attached as an exhibit.  *See also* D.N.M.LR-Civ. 7.3(b) ("Movant must submit *evidence*, in the

form of affidavits, deposition excerpts, or other documents, in support of allegations of fact."

(emphasis added)).

8.      In filing a response brief that is for all practical purposes forty-eight pages long,

Plaintiff has violated the clear language and spirit of the Local Rules.

9.      Defendant, HSD, is in good faith filing concurrently with this Motion, a Reply to

the Response as it has met its deadline to file a reply.

10.      However, in the filing of its Reply, in no way is HSD conceding it has not been

prejudiced by the forty-eight page Response submitted by Plaintiff.  To the contrary, HSD has

been greatly prejudiced by such a filing, especially since it has adhered to and will continue to

adhere to page limit rules in its own summary judgment related pleadings.

11.      Due to the enormity of the PSOF, HSD is unable to entirely address the factual

assertions included therein.

12.      The net result of such a voluminous pleading is to confuse and distract the Court

from the real issues in this case while preventing HSD from thoroughly addressing the information

in the PSOF.

WHEREFORE, for the reasons set forth above, Defendant, HSD, request this Court to

expeditiously enter an order striking Plaintiff's Response to HSD's Summary Judgment Motion

for grossly violating the page limits set forth by this Court's Local Rules, or in the alternative,

striking the PSOF, and for such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Elaine P. Lujan            _____
Elaine P. Lujan
Assistant Attorney General
New Mexico Attorney General's Office
PO Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 827-6990
Fax: (505) 827-6478

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties of record via the CM/ECF case management system for the United Stated District Court for the District of New Mexico this ___26th___ day of July 2010.


_/s/_____
Elaine P. Lujan