# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CECILIA VALDEZ, GRACIELA GRAJEDA,
ROANNA BEGAY, JESSE RODRIGUEZ,
and ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,

        Plaintiffs,

vs.                                           No.  09cv0668 JH/DJS

MARY HERRERA, in her official capacity as
New Mexico Secretary of State, PAMELA
S. HYDE, in her official capacity as Secretary of New
Mexico Human Services Department, FRED
SANDOVAL, in his official capacity as the Director of
the Income Support Division of the New Mexico
Human Services Department, CAROLYN
INGRAM, in her capacity as the Director of
the Medical Assistance Division of the New
Mexico Human Services Department, RICK
HOMANS, in his capacity as the Secretary
of the New Mexico Taxation and Revenue
Department, and MICHAEL SANDOVAL,
in his capacity as the Director of the Motor
Vehicle Division of the New Mexico Taxation
and Revenue Department,

        Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on (1) Plaintiffs' Objection to Magistrate's Report and

Recommendation **[Doc. No. 53]** filed on May 3, 2010, and (2) Defendants HSD and TRD's

Response to Plaintiffs' Objection **[Doc. No. 54]** filed on May 3, 2010.[1] On April 14, 2010, pursuant

---

[1] On July 1, 2010, Plaintiffs Cecilia Valdez, Graciela Grajeda, and Jesse Rodriguez
entered into a settlement agreement with Defendants Mary Herrera, in her official capacity as

to 28 U.S.C. §636(b)(1)(B), the Court entered its Amended Order of Reference (Doc. No. 49), referring Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 26) to the Honorable Don J. Svet for proposed findings of fact and recommendations for disposition of Plaintiffs' motion.

On April 14, 2010, Judge Svet entered his Report and Recommendation, recommending the Court grant Plaintiffs' Motion for Leave to File First Amended Complaint to clarify the Section 5 allegations and to substitute Shawna Allers for Plaintiff Roanna Begay and recommending the Court deny Plaintiff's motion to amend to add class claims. Pursuant to 28 U.S.C. §636(b)(1), a party may object to a magistrate judge's proposed findings and recommended disposition by filing and serving written objections within fourteen (14) days after being served with a copy of the proposed findings and recommended disposition. On May 3, 2010, Plaintiffs filed their Objection to the Report and Recommendation.

On the same day, Defendants HSD and TRD filed their Response to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation, claiming Plaintiffs' objection was filed untimely. Defendants claim that under Rule 6 of the Federal Rules of Civil Procedure, Plaintiffs should have filed their objection(s) by April 28, 2010. The Court disagrees. Rule 6(a) states:

> (1)     Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
> (A)     exclude the day of the event that triggers the period;

---

New Mexico Secretary of State, Rick Homans, in his official capacity as the Secretary of the New Mexico Taxation and Revenue Department (TRD) , and Michael Sandoval, in his official capacity as the Director of the Motor Vehicle Division (MVD) of the New Mexico Taxation and Revenue Department. *See* Doc. No. 84. Plaintiffs settled their claims asserting violations of Section 5 of the National Voter Registration Act (NRVA). Section 5 of the NVRA requires the State of New Mexico to include a voter registration application as part of every application for a driver's license or state identification card.

(B)   count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C)   include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED.R.CIV.P. 6(a)(1)(a)-(C). Additionally, the CM/ECF Administrative Procedures Manual allows three days for mailing. *See* CM/ECF Admin. Man., p. 3, Section 8 (Service & Notice), ¶2. The Report and Recommendation was filed on April 14, 2010. Therefore, in computing the proper time period, the Court counts from April 15 to April 28, plus 3 days for mailing which takes us to May 1, 2010, which fell on a Saturday. Because the last day of the time period was a Saturday, Rule 6 directs that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, Plaintiffs had until Monday, May 3, 2010, to file their objection. Accordingly, Plaintiffs timely filed their objection.

## I.  Standard of Review

When a party files timely objections, the district court must review *de novo* those portions of the proposed findings and recommended disposition to which objections are made. 28 U.S.C. §636(b)(1). In conducting its *de novo* review, the district court is not required to make specific findings but instead may simply indicate that it has undertaken the requisite review. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). Objections to a magistrate judge's proposed findings and recommended disposition must be specific. 28 U.S.C. §636(b)(1); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Generally, issues raised for the first time in objections to a magistrate judge's proposed findings and recommended disposition are deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

3

## II.  Analysis

Plaintiffs object to Judge Svet's recommendation that the Court deny Plaintiffs' motion for leave to file first amended complaint to add class claims.  Plaintiffs contend that absent undue delay, bad faith or dilatory motive, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of amendment, they should be allowed to amend their Complaint under Rule 15(a)(2).  Pls.' Objection to R & R at 3.  Plaintiffs argue that the Court should determine whether this suit may be litigated as a class action at a later date pursuant to a class action certification motion.  Plaintiffs maintain that, at this juncture, all the Court need decide is whether Plaintiffs may amend their Complaint.  Plaintiffs argue "that, on the face of it, their suit fully qualifies for class action status and, therefore, the Magistrate's 'futility' conclusion is incorrect." *Id.*

However, Judge Svet did not find that the granting of the motion to amend the Complaint would be futile.  Rather, Judge Svet opined that "[i]n the event the Court finds in favor of Plaintiffs and grants the requested relief, the same relief would be afforded to all potential class members. Thus, proceeding as a class action would serve no useful purpose."  R & R at 4."  Several courts, including the Tenth Circuit, have considered the *need* for a class action in determining whether to certify a Rule 23(b)(2) class seeking declaratory or injunctive relief.  *See Everhart v. Bowen,* 853 F.2d 1532, 1538-39 n.6 (10th Cir. 1988) (recognizing the line of authority indicating that a class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs), *rev'd on other grounds*, *Sullivan v. Everhart*, 494 U.S. 83, 110 S.Ct. 960 (1990); *see also Kansas Health Care Ass'n v. Kansas Dep't of Social and Rehabilitation Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994)(class certification was not necessary in an action by nursing home operators challenging the state Medicaid reimbursement rates when the invalidation of the state

4

reimbursement plan would affect the interests of all potential class members regardless of whether a class was formally certified); *Martinez v. Richardson*, 472 F.2d 1121, 1126-27 (10th Cir. 1973)(stating, in an action for injunctive relief against federal defendants under the Medicare Act, that "Rule 23(b)(2) offered a possible remedy.  But as we view it, a class action was not demanded here because the same relief could be afforded without its use and seemingly the court had something of this kind in mind . . . .").  It follows that when class certification is unnecessary, then an amendment adding class claims would be futile.

Plaintiffs "seek declaratory and injunctive relief to redress ongoing violations of New Mexico's obligations under the [NRVA], . . . requiring voter registration at public assistance agencies in New Mexico." Compl.¶1.  Plaintiffs allege that because Defendants are not complying with the voter registration requirements of the NRVA, "thousands of New Mexico residents who are eligible to vote . . . are unlawfully being denied the opportunity to register to vote."  Pls.' Mem. of Points and Auth. Support of Mot. Leave Amend at 2.  Plaintiffs seek to amend their Complaint to add class claims in order to give "greater clarity as to the scope and import of the Court's determination as to the legality of Defendants' conduct, the necessity for injunctive relief, and the scope and content of that relief."  *Id.*

In opposing Plaintiffs' motion to amend to add class claims, Defendants contend, *inter alia*, that amendment is unnecessary to facilitate a decision on the merits as all issues related to the HSD's alleged failure to comply with Section 7 of the NVRA are already before the Court.[2]  Moreover, Defendants argue that certification of a class is unnecessary as the proposed amendment does not impact the rights and remedies of the parties.  Defendants further maintain that the Court will

---

[2] As previously noted, Plaintiffs entered into a settlement agreement with TRD.  Thus, violations of Section 5 of the NRVA are no longer at issue.

determine whether HSD failed to implement policies and procedures to ensure applicants for assistance received the opportunity to register to vote based on HSD's practices and programs and not based upon the numerosity of plaintiffs.

Upon careful consideration of the Plaintiffs' objection to Judge Svet's R&R, and the applicable law, the Court finds that Plaintiffs' objection should be overruled.  If the Court finds that HSD is in violation of Section 7 of the NRVA and grants the requested relief, the same relief would be afforded to all potential class members.  Accordingly, the Court will overrule the objection, adopt the R&R, and grant in part and deny in part Plaintiffs' Motion for Leave to File First Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objection [Doc. No. 53] to the Magistrate Judge's Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. No. 50] is **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. No. 26] is **GRANTED** with regard to substituting current Plaintiff Roanna Begay with new Plaintiff Shawna Allers, alleging violation of Section 7 of the NRVA, and **DENIED** as to Plaintiffs' Motion for Leave to File First Amended Complaint to add class claims.

**JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**

6