# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CECILIA VALDEZ, GRACIELA GRAJEDA,**
**ROANNA BEGAY, JESSE RODRIGUEZ,**
**and ASSOCIATION OF COMMUNITY**
**ORGANIZATIONS FOR REFORM NOW,**

           **Plaintiffs,**

**vs.**                                                                              **No.  09cv0668 JH/DJS**

**MARY HERRERA, in her official capacity as**
**New Mexico Secretary of State, PAMELA**
**S. HYDE, in her official capacity as Secretary of New**
**Mexico Human Services Department, FRED**
**SANDOVAL, in his official capacity as the Director of**
**the Income Support Division of the New Mexico**
**Human Services Department, CAROLYN**
**INGRAM, in her capacity as the Director of**
**the Medical Assistance Division of the New**
**Mexico Human Services Department, RICK**
**HOMANS, in his capacity as the Secretary**
**of the New Mexico Taxation and Revenue**
**Department, and MICHAEL SANDOVAL,**
**in his capacity as the Director of the Motor**
**Vehicle Division of the New Mexico Taxation**
**and Revenue Department,**

           **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Sanctions Against the

Office of the Secretary of State **[Doc. No. 90]** filed on July 15, 2010, and fully briefed on August

26, 2010.  Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, Plaintiffs moves for

sanctions against the Secretary of State ("hereinafter" Secretary) and request attorney fees and

costs in the amount of $24,242.09.[1]  In her response, the Secretary concedes that "Plaintiffs are due some compensation for costs incurred in a fruitless attempt to take the 30(b)(6) deposition of the Secretary of State's Office."  Resp. at 1.  However, the Secretary objects to the reasonableness of Plaintiffs' request for attorneys' fees and costs.  Accordingly, the only issue before the Court is the reasonableness of the amount Plaintiffs are requesting in fees and costs associated with the Secretary's repeated failure to produce a deponent and fees and costs incurred in preparing the Motion to Compel (Doc. No. 59).[2]

Plaintiffs contend they noticed the Rule 30(b)(6) deposition of the Secretary on four separate occasions, and Plaintiffs' counsel traveled to New Mexico three times to conduct the deposition.  Larry Dominguez, the Secretary's self-designated "person most knowledgeable" concerning the deposition topics, failed to appear on two occasions for the Secretary's deposition.  Plaintiffs contend the Secretary canceled the February 23, 2010 deposition on the afternoon before the deposition when Plaintiffs' counsel, Yolanda Sheffield and Allegra Chapman, were already en route to New Mexico.  Sheffield is located in Washington, DC and Chapman is located in New York.  The Secretary's counsel notified Plaintiffs' co-counsel that Dominguez had been bitten by a black widow spider and would not appear for the deposition.  However, the Secretary failed to produce a substitute designee.  Thus, the deposition was not taken that day.  Because of the late notice, no other depositions could be scheduled for February

---

[1] Rule 37(d) directs that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED.R.CIV.P.  37(d)(3).

[2] As to the instant motion, Plaintiffs will provide the Court "a single Declaration concerning their fees incurred" in bringing [the instant motion] upon completion of briefing."  Pls.' Mot. Sanctions at 10.

23rd.   Accordingly, Plaintiffs request they be compensated for the February 22, 2010 hotel room expense and attorney fees.

The next deposition was scheduled for May 6, 2010.  On April 30, 2010, the Secretary requested the deposition be moved from Albuquerque to Santa Fe.  Plaintiffs' counsel accommodated the Secretary and agreed to the change in location.  However, the witness failed to appear without providing notice.  Plaintiffs contend they incurred substantial unnecessary fees and costs, including travel time, two nights at a Santa Fe hotel, and attorney time spend preparing for the deposition.  Moreover, based on the Secretary's pattern of failure to appear, Plaintiffs moved to compel the deposition.  *See* Doc. No. 59.  Plaintiffs now seek reasonable fees for the filing of that motion.

Plaintiffs' request the following attorneys' fees and costs: (1) $1,987.09 for hotel, car rental, air fare, and meals for the February 23 and May 6 depositions; and (2) attorneys' fees in the amount of $15,435 for Sheffield (31.5 hours/ $490 hourly rate) and $6,820 for Chapman (12.4/$550 hourly rate), for a total of $22,255 in attorneys' fees.

First, the Secretary objects to the hourly rates Plaintiffs are requesting for their counsel. However, in their reply, Plaintiffs' counsel have agreed to reduce their hourly rates and seek only the local rates for their time, i.e., $225 per hour.  Pls.' Reply at 2.  This would reduce the attorneys' fees to $7087.50 for Sheffield (31.5 hours/$225 hourly rate) and $2,790 for Chapman (12.4/$225), for a total of $9,877.50.

Next, the Secretary objects to Plaintiffs seeking costs for their hotel stay on February 22. The Secretary also objects to Plaintiffs' depiction of February 23 as a "lost day."  The Secretary contends counsel could use that day to prepare for the depositions scheduled for February 24 and 25.  Moreover, the Secretary argues there was a legitimate medical emergency that prevented the

3

deponent from appearing for the February 23 deposition.  However, that does not justify not designating a substitute witness when it became apparent that Dominguez could not attend the deposition.

As to the May 6th deposition, the Secretary agrees that imposition of some sanction is warranted.  The Secretary does not object to lodging and meal expenses for Chapman in the amount of $192.89 and for Sheffield in the amount of $1,294.38.  However, the Secretary objects to the hours Plaintiffs' attorneys are claiming, 7.4 hours for Chapman and 21.5 hours for Sheffield.  Chapman claims 5.4 hours for travel time from Las Cruces to Santa Fe and 2 hours lost due to waiting for the Secretary to locate the deponent.  Sheffield contends that "[a]s a direct result of the failure by Defendant to appear at its deposition, I spent 21.4 hours traveling to New Mexico and to Santa Fe and waiting for Defendant to produce a designee for deposition."  Pls.' Mot. Sanctions; Ex. 2, Sheffield Decl. ¶25.  In addition, in their reply, Plaintiffs contend Sheffield "wasted significant time traveling to and from New Mexico from Washington, D.C., driving in and around New Mexico from the airport to the scheduled location of the deposition in Santa Fe, and waiting for the Secretary's counsel to attempt to locate a witness who could be produced to testify on behalf of the Secretary later in the day on May 6 or the next day."  Pls.' Reply at 7.

The Court finds that the requested costs are reasonable.  The Court also finds that the hours claimed for drafting the motion to compel, 3 hours, are reasonable.  However, because Sheffield failed to provide an adequate explanation for claiming 21.5 hours for the May 6th deposition, the Court will reduce Sheffield's hours from 21.5 to 8.  Based on these reductions, the Court will grant Plaintiffs' motion for sanctions in the amount of $8,827.09 for attorneys' fees and costs.

4

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions Against the Office of the Secretary of State is **GRANTED** in part and **DENIED** in part.  Plaintiffs are awarded attorneys' fees in the amount of $6,840 and costs in the amount of $1,987.09.


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**